UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
S. KEITH MIYABARA,               )
                                 )
        Plaintiff                )
                                 )
v.                               )   Case 3:11-0988
                                 )   Judge Nixon/Brown
SUNTRUST MORTGAGE, INC., and     )
FEDERAL NATIONAL MORTGAGE        )
ASSOCIATION,                     )
                                 )
        Defendant                )
```

**TO: THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

Presently pending is a motion to dismiss filed by the Defendants (Docket Entry 16). This motion was filed on December 12, 2011, along with a memorandum in support of the motion (Docket Entry 17). For the reasons stated below the Magistrate Judge recommends that this motion be GRANTED.

### BACKGROUND

The Plaintiff, acting *pro se*, filed a complaint against SunTrust Mortgage and the Federal National Mortgage Association in Chancery Court, Williamson County, on September 9, 2011 (Docket Entry 1-1). The Defendants promptly removed the matter to federal court on October 17, 2011.

After the motion to dismiss was filed the Magistrate Judge conducted an initial case management hearing on December 19, 2012, and entered a scheduling order (Docket Entry 19). The Plaintiff summarized his theory of the case as follows:

**2. Plaintiff's Theory of the Case:** The Plaintiff's theory in this case is that "there is no theory" in this case. Suntrust Mortgage, Inc. has mislead the Plaintiff from the first phone call Plaintiff made to Suntrust Mortgage, Inc. on an "invitation received in a monthly statement" from Suntrust indicating to contact them for they may be able to "help" the monthly premium payer to "stay in their home." Plaintiff, "just wanting to inquire about a better rate" was led down a "deceptive, abusive, willful, malicious, calculated, methodical and unlawful" road of procedures that has led both Plaintiff and Defendants to where we are today in this case.

The Defendants' theory was:

**3. Defendants' Theory of the Case:** Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted. His claim related to HAMP is invalid as there is no private right of action under that law. Contrary to Plaintiff's allegations, SunTrust is in possession of the original note as evidenced in the Motion to Dismiss filed on December 12, 2011.

As a result of the Defendants' motion to dismiss, the Magistrate Judge set a scheduling order and directed the Plaintiff to respond to the motion to dismiss within 28 days and provided for a reply. Although at the case management conference the parties indicated they would consent to the Magistrate Judge determining the case, no consent forms were filed and the final decision in the case remains with the District Judge.

The Plaintiff next filed a request for an additional 30 days, or until February 20, 2012, to respond to the motion to dismiss (Docket Entry 25). This motion was granted for the time requested.

Rather than filing a response the Plaintiff next filed a second motion (Docket Entry 28) for additional time requesting

2

until March 23, 2012. The Magistrate Judge granted this motion in part (Docket Entry 29), and granted the Plaintiff an extension until March 9, 2012, to file a response. The Plaintiff was specifically cautioned that he needed to respond to the motion's claim that the matter in question did not create a private right of action and that failure to respond could be taken that there was no opposition to the motion. Certified mail containing Docket Entry 25 was returned as "Unclaimed, Unable to Forward." The regular mailing containing this order was not returned. The mail containing Docket Entry 29 was returned as undeliverable, and there was no return on the certified mail.

The Plaintiff is now almost 60 days past the second extension given in the matter. The Plaintiff has taken no action whatever to respond except to file two motions for extension of time, both of which were granted.

While the Magistrate Judge may take a lack of opposition as meaning the motion as unopposed, the Magistrate Judge has nevertheless considered the motion to dismiss on its merits.

## LEGAL DISCUSSION

In their motion the Defendants advised the Plaintiff that they have in their possession the original note, which is available for inspection and provided a copy (Docket Entry 16-1). Additionally, at the case management conference itself, the Defendants made known that the note was available for inspection.

3

It does not appear that the Plaintiff ever inspected the note. The Magistrate Judge has carefully reviewed the Defendants' memorandum of law and believes that they are correct on all three of their assertions concerning the adequacy of the complaint. The key inquiry, as they point out, is whether the facts in the complaint set out a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

While the Court must accept as truth the facts alleged in the complaint, when considering the motion to dismiss the Court does not have to accord such deferences to allegation of opinions and legal conclusions. "To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In this case the Magistrate Judge believes that the complaint does not meet the *Twombly, Iqbal* standards. Certainly, the Plaintiff has done nothing in the way of filing an amended complaint to correct any potential deficiencies, nor has he filed anything with the Court to point out how his complaint meets the *Twombly, Iqbal* standards.

Next, the Defendants point out the Home Affordable and Modification Program (HAMP) does not provide a private cause of action. The Defendants discuss this in some detail and cite a number of cases so holding.

4

Once again, the Plaintiff has provided nothing to dispute this argument or the cases relied upon by the Defendants.

Finally, the Defendants point out that as a holder of the note, SunTrust may enforce it. They have provided the declaration of Mr. Kenneth Burns, along with a copy of the note (Docket Entry 16-1). They point out at Footnote 2, Docket Entry 17, page 9, that while generally matters outside the pleadings may not be considered in ruling on a Rule 12 motion without converting it a motion for summary judgment under Rule 56, there are exceptions to the general rule. These exceptions allow consideration of matters incorporated by reference or integral to the claim, item subject to judicial notice, matters of public record, items appearing in the record of the case, and exhibits attached to the complaint. In this case the note is central to the Plaintiff's claim and has been attached to the motion to dismiss.

The Plaintiff has, despite the passage of almost five months since the filing of the motion, filed nothing to challenge the note attached to the motion to dismiss which has been available for him to inspect since that time.

Under the circumstances, the Magistrate Judge believes that the note may be considered. The note appears regular on its face and it appears from the complaint, Docket Entry 1, paragraph 14, that the substitute trustee has, in fact, sold the property.

5

In summary, the Magistrate Judge finds that the arguments of the Defendants are persuasive, that the Plaintiff has failed to, in any way, challenged or rebut them and that the Defendants are entitled to a dismissal of this complaint.

Additionally, the Magistrate Judge would note that the case could be dismissed for the Plaintiff's failure to prosecute and his failure to obey the Court orders. The Plaintiff was warned that failure to respond to the motion to dismiss could have adverse consequences. It appears that he has failed to either pick up certified mail or to provide an up-to-date address where he could be reached. It appears that since his last filing for a an extension of time on February 22, 2012, that the Plaintiff has abandoned his case.

In recommending a dismissal as well under Rule 41(b) the Magistrate Judge has considered for the four-part test announced by the Sixth Circuit in *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

> (1) The Plaintiff's actions in this matter appear to be willful and of his own making, since he is not picking up his mail and he has not responded to the motion to dismiss, even given two extensions of time.

6

(2) The matter is clearly prejudicial to the Defendants in the matter since they cannot proceed further until their motion is decided.

(3) The Plaintiff has been warned of adverse consequences should he fail to respond to the motion to dismiss.

(4) The Magistrate Judge has considered less drastic matters. However, given the Plaintiff's total failure to respond, the Magistrate Judge does not believe that less drastic measures would be adequate.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 16) be GRANTED and, as an alternative, that even in the event this motion was not well taken, that the case be dismissed for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

7

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 2nd day of May, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge